NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000583
12-JUN-2019
07:51 AM

NO. CAAP-18-0000583

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NATIONSTAR MORTGAGE LLC, Plaintiff-Appellee
v.
JAMES BOONSTRA, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF THE VINTAGE AT
KAANAPALI; KAANAPALI GOLF ESTATES COMMUNITY ASSOCIATION,
INC.; FIRST HAWAIIAN BANK; THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE
TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS MASTER TRUST, REVOLVING HOME
EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-Q,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0093(2))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

In this action for judicial foreclosure, Defendant-Appellant James Boonstra (**Boonstra**) appeals from an "Order Denying Defendant James Boonstra's Rule 60(b)(4) Motion to Set Aside December 8, 2015 Decree of Foreclosure and Judgment" (**Order**

**Denying Rule 60(b)(4) Motion**) filed on June 20, 2018, and a "Judgment" (**Judgment Confirming Sale**) filed on June 29, 2018,[1] both entered by the Circuit Court of the Second Circuit (**Circuit Court**).[2]

Boonstra's point of error on appeal is that the Circuit Court erred by denying his Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b)(4) motion for relief (**Rule 60(b)(4) Motion**) and in entering the Judgment Confirming Sale, because Plaintiff-Appellee Nationstar Mortgage LLC (**Nationstar**) failed to establish its standing to judicially foreclose and therefore the Circuit Court lacked subject matter jurisdiction.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve Boonstra's point of error as follows and affirm.

Nationstar initiated this action against, *inter alia*, Boonstra on February 26, 2015. On September 28, 2015, Nationstar filed a motion for summary judgment and decree of foreclosure against all defendants. Boonstra did not file a responsive pleading or opposition to Nationstar's motion for summary judgment. On December 8, 2015, the Circuit Court entered its "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants" (**Order Granting Nationstar's MSJ**) and a "Judgment on Findings of Fact, Conclusions of Law and Order

---

[1]  The Judgment Confirming Sale was entered pursuant to an "Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorneys' Fees, Costs, Directing Conveyance and for Writ of Ejectment" (**Order Confirming Sale**), filed on June 29, 2018.

[2]  The Honorable Peter T. Cahill presided.

2

Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants" (**Foreclosure Judgment**).

Boonstra did not appeal from the Foreclosure Judgment and thus the Foreclosure Judgment became final and binding. Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013). Under similar circumstances in Wise, the Hawai'i Supreme Court held:

> [i]n the instant case, Petitioners have never legally challenged the court's entry of the May 12, 2010 judgment of foreclosure made pursuant to the order granting Respondent's motion for summary judgment. As discussed *supra*, Petitioners' ultimate deadline to appeal that judgment was July 12, 2010. However, they did not appeal from that judgment. Hence, the May 12, 2010 judgment became final and binding. As stated before, the foreclosure judgment "determined the merits of the controversy," rendering subsequent proceedings "incident[ ] to its enforcement." MDG Supply [,Inc. v. Diversified Invs., Inc.], 51 Haw. [375,] 380, 463 P.2d [525,] 528 [(1969)].

Id. The Hawai'i Supreme Court further held:

> we conclude that res judicata would preclude Petitioners from challenging Respondent's standing in their appeal from the order confirming sale, despite the general proposition that a lack of standing may be raised at any time. Under the doctrine of res judicata, challenges to Respondent's standing were subsumed under the foreclosure judgment, which had became final and binding.
>
> . . . .
>
> "Res judicata . . . limit[s] a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." [E. Sav. Bank, FSB v.] Esteban, 129 Hawai'i [154,] 158, 296 P.3d [1062,] 1067 [(2013)]. The doctrine prohibits parties from "relitigating a previously adjudicated cause of action." Id. at 159, 296 P.3d at 1067 (quoting Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004)).
>
> As explained *supra*, foreclosure cases are bifurcated into two appealable parts. Due to their bifurcated nature, mortgage foreclosure proceedings may be treated as analogous to two separate proceedings for res judicata purposes.

Id.

Here, on December 11, 2017, more than two years after the Foreclosure Judgment had been entered and no appeal therefrom having been filed, Nationstar filed its motion to confirm sale.

On January 17, 2018, Boonstra filed his opposition to Nationstar's motion to confirm sale, arguing, *inter alia*, that Nationstar had failed to establish its standing to foreclosure under Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017). On April 30, 2018, Boonstra filed a Rule 60(b)(4) Motion seeking to set aside the December 8, 2015 Foreclosure Judgment and in opposition to Nationstar's motion to confirm sale, again arguing, *inter alia*, that Nationstar lacked standing under Reyes-Toledo.

On May 16, 2018, the Circuit Court orally denied Boonstra's Rule 60(b)(4) Motion and granted Nationstar's motion to confirm sale. The Circuit Court entered its Order Denying Rule 60(b)(4) Motion on June 20, 2018 and its Order Confirming Sale and accompanying Judgment Confirming Sale on June 29, 2018.

As noted above, Boonstra continues to assert that Nationstar failed to establish its standing to initiate this action under Reyes-Toledo. However, given the rulings in Wise, Boonstra's failure to appeal from the Foreclosure Judgment barred his challenges to Nationstar's standing under the doctrine of *res judicata*. Wise, 130 Hawai'i at 17, 304 P.3d at 1198.

Finally, Boonstra cannot rely on HRCP Rule 60(b)(4) to resurrect his argument that Nationstar lacked standing. See Nationstar Mortg. LLC v. Akepa Properties LLC, Nos. CAAP-15-0000407 and CAAP-15-0000727, 2017 WL 1401468 (Hawai'i App. Apr. 19, 2017) (SDO); Bank of America, N.A. v. Panzo, Nos. CAAP-14-0001356 and CAAP-15-0000660, 2017 WL 1194002 (Hawai'i App. Mar. 31, 2017) (SDO), reconsideration denied, Nos. CAAP-14-0001356 and CAAP-15-0000660, 2017 WL 1753390 (Hawai'i App. May 4, 2017), cert. denied, SCWC-14-0001356, 2017 WL 4837872 (Oct. 26, 2017).

Therefore, we affirm the following that were entered by the Circuit Court of the Second Circuit:

4

(1) "Order Denying Defendant James Boonstra's Rule 60(b)(4) Motion to Set Aside December 8, 2015 Decree of Foreclosure and Judgment" filed on June 20, 2018; and

(2) "Judgment" filed on June 29, 2018.

DATED:  Honolulu, Hawai'i, June 12, 2019.


On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
(Dubin Law Offices)
for Defendant-Appellant.

Charles R. Prather,
Robin Miller,
Sun Young Park,
Peter T. Stone,
(TMLF Hawaii LLLC)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge